1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   REBECCA R. WEINREICH, SB# 155684
2    E-Mail: Rebecca.Weinreich@lewisbrisbois.com
   AARON T. KNAPP, SB# 221289
3    E-Mail: Aaron.Knapp@lewisbrisbois.com
   633 West 5th Street, Suite 4000
4  Los Angeles, California 90071
   Telephone: 213.250.1800
5  Facsimile: 213.250.7900

6  Attorneys for Plaintiff
   ACE PROPERTY & CASUALTY
7  COMPANY

8                  UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

10

11 | ACE PROPERTY & CASUALTY          | Case No.
12 | INSURANCE COMPANY,               |
13 |          Plaintiff,              |
14 |     vs.                          | **COMPLAINT FOR DECLARATORY JUDGMENT**
15 | eBAY, INC., DEVIN WENIG,         |
   | STEVE WYMER, JAMES BAUGH,        |
16 | DAVID HARVILLE, BRIAN            | Demand for Jury Trial
   | GILBERT, STEPHANIE POPP,         |
17 | STEPHANIE STOCKWELL,             |
   | PHILIP COOKE, VERONICA ZEA,      |
18 | and DOES 1 to 10, inclusive,     |
19 |          Defendants.             |

20

21              **COMPLAINT FOR DECLARATORY JUDGMENT**

22        ACE Property and Casualty Insurance Company ("ACE"), by way of this

23 complaint for declaratory judgment against the defendants, eBay, Inc. ("eBay"),

24 Devin Wenig ("Wenig"), Steve Wymer ("Wymer"), James Baugh ("Baugh"), David

25 Harville ("Harville"), Brian Gilbert ("Gilbert"), Stephanie Popp ("Popp"), Stephanie

26 Stockwell ("Stockwell"), Philip Cooke ("Cooke"), Veronica Zea ("Zea"), and

27 DOES 1 through 10 (collectively, the "Defendants"), alleges and states:

28

4867-4815-9038.1

## INTRODUCTION

1.     This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3.     An actual justiciable controversy between ACE and Defendants exists within the meaning of 28 U.S.C. § 2201 regarding whether ACE has a duty to indemnify any of the Defendants with respect to the claims asserted against them by husband and wife, David and Ina Steiner, of Natick, Massachusetts, and their company Steiner Associates, LLC, (collectively, the "Steiners"), in the United States District Court for the District of Massachusetts, captioned *Ina Steiner, et al. v. eBay, Inc., et al.*, Case No. 1:21-cv-11181-DPW (the "Civil Action"), as more particularly described below.

4.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this suit is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the subject insurance policies were sold in this judicial district, the plaintiff and the named insured on those policies, eBay, maintains its principal place of business in this judicial district, and all of the defendants are, upon information and belief, residents of California.

## PARTIES

5.     Plaintiff ACE is an insurance company organized as a business corporation under the laws of the state of Pennsylvania with a principal place of business in Philadelphia, Pennsylvania.

6.     Defendant eBay is a corporation organized under the laws of the state of Delaware with a principal place of business in San Jose, California (Santa Clara

1  County).

2       7.     Defendant Wenig, eBay's former Chief Executive Officer, is an

3  individual who, upon information and belief, resides in California.

4       8.     Defendant Wymer, eBay's former Senior Vice President and Chief

5  Communications Officer, is an individual who, upon information and belief, resides

6  in California.

7       9.     Defendant Baugh, eBay's former Senior Director of Safety & Security,

8  is an individual who, upon information and belief, resides in Utah and California.

9       10.     Defendant Harville, eBay's former Director of Global Resiliency, is an

10  individual who, upon information and belief, resides in California.

11       11.     Defendant Popp, eBay's former Senior Manager of Global Intelligence,

12  is an individual who, upon information and belief, resides in California.

13       12.     Defendant Stockwell, a former intelligence analyst at eBay in its Global

14  Intelligence Center, is an individual who, upon information and belief, resides in

15  California.

16       13.     Defendant Gilbert, eBay's former Senior Manager of Special

17  Operations for its Global Security Tram, is an individual who, upon information and

18  belief, resides in California.

19       14.     Defendant Cooke, eBay's former supervisor of security operations at its

20  European and Asian offices, is an individual who, upon information and belief,

21  resides in California.

22       15.     Defendant Zea, a former contractor of eBay who was employed by a

23  company called Progressive F.O.R.C.E. Concepts, LLC ("PFC") and worked in

24  eBay's Global Intelligence Center, is an individual who, upon information and

25  belief, resides in California.

26       16.     The true names of the Defendants named as Does 1 through 10,

27  inclusive, are unknown to Plaintiff.  Plaintiff is informed and believes and herein

28  alleges that there is, or will be, an actual controversy between ACE, on the one

hand, and each of these fictitiously named defendants, on the other hand, as to their respective rights and obligations under the ACE Umbrella Policies relating to the subject matter described below.  Accordingly, ACE will move to amend this Complaint to show the true names and capacities of Does 1 through 10 when they have been ascertained.

**FACT ALLEGATIONS**

**The Steiners' Civil Action**

17.     eBay, Wenig, and Wymer, along with the other Defendants, are each a named defendant in the Civil Action commenced by the Steiners on July 21, 2021. A copy of the Complaint filed by the Steiners in the Civil Action is attached hereto as Exhibit A.

18.     In their Complaint filed in the Civil Action, the Steiners allege that they "operate EcommerceBytes, a trade publication where the Steiners report about various ecommerce companies, including eBay, in an effort to assist ecommerce sellers."

19.     The Steiners allege that, from June to August 2019, eBay "engaged in a systematic campaign to emotionally and psychologically torture" them and, along with the company PFC, "engaged in a coordinated effort to intimidate, threaten to kill, torture, terrorize, stalk and silence the Steiners, in order to stifle their reporting on eBay."

20.     The Steiners allege that Wenig, then Chief Executive Officer of eBay, and Wymer, then Senior Vice President and Chief Communications Officer of eBay, "consistently tracked EcommerceBytes' reporting, and became increasingly enraged by what they perceived as the Steiners' negative coverage of eBay and the upper echelons of the corporation."

21.     The Steiners further allege that "eBay, through its Chief Executive leadership, sent a directive and enlisted at least seven members of the eBay security staff – Defendants James Baugh, David Harville, Brian Gilbert, Stephanie Popp,

Stephanie Stockwell, Philip Cooke, and Veronica Zea, an eBay contractor employed by PFC . . . to deal with the Steiners" and that "Wenig and Wymer provided the other Defendants with carte blanche authority to terminate the reporting of the Steiners by whatever means necessary."

22.    According to the Complaint filed in the Civil Action, "[t]he events that followed shock the conscience, and demonstrate the utter depths eBay would stoop in order to take the Steiners down and end their reporting on eBay."  For instance, the Complaint alleges:

a.    "Starting with an online intimidation campaign, the Defendants taunted Ina Steiner using a phony Twitter handle pretending to be an eBay seller, and directly threatened her to stop reporting on eBay."

b.    "The online attacks continued to escalate into threatening and disturbing package deliveries, which included live spiders, cockroaches, a bloody pig mask, a funeral wreath, and a book entitled 'Grief Diaries:  Surviving Loss of a Spouse' sent directly to David Steiner."

c.    "These messages and deliveries often were  . . . paired with taunting emails and deliveries, including pornography and 'Hustler:  Barely Legal' magazines sent to the Steiner's neighbors' home in David Steiner's name, to defame the Steiners and attempt to disgrace them and tarnish their reputation within their community."

d.    "Defendants Wenig and Wymer's henchmen, including Defendants Baugh, Harville and Zea, traveled over 3,000 miles from California to Natick, Massachusetts to continue the conspiracy to intimidate, threaten, terrorize, stalk and silence the Steiners."

e.   "Defendants Zea and Harville, carrying out the orders of eBay senior executives, menacingly stalked and tailed the Steiners in a black van and other rental vehicles, repeatedly circling the block, tracking their every move, and following David Steiner when he left the residence."

f.   "The Defendants even went as far as to attempt to break into the Steiner garage in order to install a GPS tracking device on their vehicle."

g.   "[T]he Defendants who remained in California, including but not limited to Defendants Popp, Stockwell, Cooke and Gilbert, continued with the online threats and stalking, and their menacing skull avatar Twitter handle began publicly posting the Steiners' home address on Twitter along with threats to kill the Steiners."

h.   "The Defendants also posted the Steiner's [sic] address on Craigslist and other websites, inviting strangers to the Steiners' home for sex parties, and advertising yard sales, announcing would-be visitors should knock on the door at all hours because 'Everything must go!'"

23.   According to the Complaint filed in the Civil Action, "[u]ltimately, Defendants Cooke, Gilbert, Popp, Stockwell, and Zea pled guilty to an Information in Federal District Court, District of Massachusetts, and Defendants Baugh and Harville were indicted, as a result of Defendants' conspiracy to intimidate, threaten, torture, terrorize, stalk and silence the Steiners, and for misleading and tampering with the investigation."

24.   In the Civil Action, the Steiners allege that "[a]ll of the horrific, vicious and sickening conduct" against them "was committed by [the] employees of eBay

and PFC, while acting in the scope of their employment under the authority of and for the benefit of eBay and PFC." They further allege that "the individually named Defendants were acting in concert with one another, as agents and employees of eBay and/or PFC, within the scope of their employment with the intent to benefit their employers in furtherance of eBay's direct command – through Chief Executive Officer Defendant Wenig and Senior Vice President Chief Communications Officer Defendant Wymer – to silence the Steiners and their reporting, and all actions taken were in furtherance of that goal."

25.     For instance, the Steiners allege that "[t]he Defendants' conspiracy to intimidate, threaten, torture, terrorize, stalk and silence David and Ina Steiner with the purpose to end their reporting about eBay was documented in emails and text messages" sent by eBay's former executives, Wenig and Wymer, including:

a.     "In response to a text sent by Defendant Wenig that linked to an article in which Ina Steiner observed that Defendant Wenig's $18 million compensation was 152 times that of an average eBay employee, Defendant Wymer wrote '[w]e are going to crush this lady.'"

b.     "When discussing the Wall Street Journal coverage on eBay, Defendant Wenig texted to Defendant Wymer, '[f]uck them.  The journal is next on the list after [Ina Steiner]."

c.     "Defendant Wymer texted to Defendant Baugh, '[Ina] is out with a hot piece on the litigation [between eBay and Amazon].  If we are ever going to take her down . . . now is the time."

d.     "When Defendant Wymer noted an article by Ina Steiner where she indicated Defendant Wenig 'promised to give sellers greater protection' was '[s]hockingly reasonable,' Defendant Wenig responded, '[t]ake her

1  down.'"

2

3      e.    "In a text exchange between Defendants Wymer and Baugh, Defendant

4              Baugh stated, '[Devin Wenig] said to burn her to the ground correct?'

5              and Defendant Wymer responded, '[Ina Steiner] is a biased troll who

6              needs to get BURNED DOWN . . . I want to see ashes.  As long as it

7              takes.  Whatever it takes.'"

8

9      f.    "In an email from Defendant Wymer to Defendant Baugh, Defendant

10             Wymer states that the website 'gives [him] ulcers, harms employee

11             moral [sic], and trickles into everything about our brand.  I genuinely

12             believe these people are acting out of malice and ANYTHING we can

13             do to solve it should be explored.  Somewhere, at some point, someone

14             chose to let this slide.  It has grown to a point that is absolutely

15             unacceptable.  It's the 'blind eye toward graffiti that turns into mayhem

16             syndrome and I'm sick about it.  Whatever.  It.  Takes.'"

17

18      g.    "Defendant Wymer assured Defendant Baugh that he would 'embrace

19             managing any bad fall out.  We need to STOP her.'"

20

21      26.    The Steiners further allege that "[n]ot only were the directives from

22  executive leadership, including Defendants Wenig and Wymer, with respect to the

23  Steiners clear, the culture itself within eBay fostered an almost cult-like atmosphere

24  where employees were not only expected, but required, to fulfill company

25  directives, regardless of criminality."

26  **Criminal Investigation, Criminal Charges and Guilty Pleas, and eBay's Public**

27  **Disclosures**

28      27.    The criminal case against Defendants Gilbert, Popp, Stockwell, and

Zea for their conduct against the Steiners, referred to in the Civil Action, is *United States v. Gilbert, et al.*, United States District Court for the District of Massachusetts, Case No. 1:20-cr-10098-WGY (the "First Criminal Case").  As alleged in the Civil Action, in the First Criminal Case, on May 22, 2020, the United States filed an Information against Gilbert, Popp, Stockwell, and Zea, charging them with conspiracy to commit cyberstalking and conspiracy to obstruct justice.  A true copy of the Information against Gilbert, Popp, Stockwell, and Zea is attached hereto as Exhibit B.

28.     In October 2020, Gilbert, Popp, Stockwell, and Zea pleaded guilty to the charges against them in the First Criminal Case.  True copies of the plea agreements of Gilbert, Popp, Stockwell, and Zea are attached hereto as Exhibit C.

29.     The criminal case against Defendant Cooke for his conduct against the Steiners, referred to in the Civil Action, is *United States v. Cooke*, United States District Court for the District of Massachusetts, Case No. 1:20-cr-10126-ADB (the "Second Criminal Case").  As alleged in the Civil Action, in the Second Criminal Case, on July 7, 2020, the United States filed an Information against Cooke, charging him with conspiracy to commit cyberstalking and conspiracy to tamper with a witness.  A true copy of the Information against Cooke is attached hereto as Exhibit D.

30.     In October 2020, Cooke pleaded guilty to the charges against him in the Second Criminal Case.  A true copy of the plea agreement of Cooke is attached hereto as Exhibit E.

31.     The criminal case against Defendants Baugh and Harville for their conduct against the Steiners, referred to in the Civil Action, is *United States v. Baugh, et al.*, United States District Court for the District of Massachusetts, Case No. 1:20-cr-10263-PBS (the "Third Criminal Case").  As alleged in the Civil Action, in the Third Criminal Case, on November 3, 2020, Baugh and Harville were each indicted for conspiracy to commit stalking through interstate travel and through

facilities of interstate commerce, stalking through interstate travel, stalking through facilities of interstate commerce, witness tampering, and destruction, alteration, and falsification of records in a federal investigation.  A true copy of the Indictment against Baugh and Harville is attached hereto as Exhibit F.

32.     On April 25, 2022, Baugh, without any plea agreement, pleaded guilty to the charges against him in the Third Criminal Case.  A true copy of the docket from the Third Criminal Case reflecting the entry of Baugh's guilty plea on April 25, 2022 is attached hereto as Exhibit G.

33.     On May 11, 2022, Harville pleaded guilty to the charges against him in the Third Criminal Case, with the exception only of the charges for witness tampering and destruction, alteration, and falsification of records.  The United States agreed to dismiss the charges against Harville for witness tampering and destruction, alteration, and falsification of records, following the imposition of a sentence at the sentencing hearing.  Harville pleaded guilty to all other charges against him in the Third Criminal Case.  A true copy of the plea agreement of Harville is attached as Exhibit H.

34.     As a part of the criminal investigation into eBay's conduct against the Steiners, eBay met with the Office of the United States Attorney for the District of Massachusetts on March 16, 2021 and presented a PowerPoint entitled "eBay Presentation on 'Federal Corporate Principles' to the Office of the U.S. Attorney for Massachusetts Concerning the August 2019 Crimes Committed by Former eBay Employees Against the Natick Couple" (the "eBay PowerPoint Deck").  eBay was ordered by the Court in the Third Criminal Case to disclose the eBay PowerPoint Deck.

35.     The eBay PowerPoint Deck contained a stated purpose to persuade the United States Department of Justice ("DOJ") that, although "DOJ could take enforcement against the company [eBay]," "a decision not to take enforcement action against eBay . . . is in the interest of justice, the victims, and the public."

36.     In the eBay PowerPoint Deck, eBay acknowledged "the seriousness of the misconduct and the company's responsibility."  It further acknowledged, "The conduct of the seven defendants [i.e., Baugh, Harville, Popp, Stockwell, Gilbert, Cooke, and Zea] was clearly criminal, and eBay is troubled by the role here of its former-CEO [i.e., Wenig] and former Chief Communications Officer [i.e., Wymer] in particular." The eBAy Power Deck described Wymer's conduct as "Inexcusable from any employee, much less an ELT member," noted that eBay "fired [Wymer] for cause" "due to [the] Natick events" (emphasis original), and recognized that Wenig and Wymer had "contributed significantly to the crimes in Natick."

### The ACE Umbrella Policies

37.     ACE issued a series of commercial umbrella liability policies to eBay, bearing policy number G27907349, with policy periods from October 1, 2015 to October 1, 2021 (collectively, the "ACE Umbrella Policies").  Copies of the ACE Umbrella Policies are attached hereto as Exhibit I.

38.     Each of the ACE Umbrella Policies applies excess over the limits of insurance of an underlying primary commercial general liability policy issued by Zurich to eBay, bearing policy number GLO 4281314, for the same policy period as that of the ACE Umbrella Policy (collectively, the "Zurich Primary Policies"). Copies of the Zurich Primary Policies are attached hereto as Exhibit J.

39.     Each of the ACE Umbrella Policies states, in part:

**I.     INSURING AGREEMENT**

    A.     We will pay on behalf of the "insured" those sums in excess of the "retained limit" that the "insured" becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies.

        1.     This insurance applies to "bodily injury" and "property

damage" that takes place in the "coverage territory", but only if:

    a.    The "bodily injury" or "property damage" is caused by an "occurrence";

    b.    The "bodily injury" or "property damage" occurs during the "policy period"; and

    c.    Prior to the "policy period", no "insured" and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If any "insured" listed under Paragraph A. of Section II – Who Is An Insured or any authorized "employee" knew, prior to the "policy period", that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the "policy period" will be deemed to have been known prior to the "policy period."

\*\*\*

40.    Each of the ACE Umbrella Policies contains the following exclusion:

**V.**    **EXCLUSIONS**

This insurance does not apply to:

\*\*\*

K.    **Expected or Intended Injury**

"Bodily injury" or "property damage" expected or

intended from the standpoint of the "insured".  This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

41.    The "Who Is An Insured" section of each of the ACE Umbrella Policies, as amended by endorsement, states:

B.    Each of the following is an "insured":

***

"Employees" and co-"employees" while in the course of their employment or performing duties related to the conduct of your business are "insureds" for "bodily injury" or "personal and advertising injury", but only if insurance for such "bodily injury" or "personal and advertising injury" is provided by a policy listed in the Schedule of "underlying insurance."  The insurance provided by this policy will not be broader than the insurance coverage provided by such policy of "underlying insurance".  Any conditions or exclusions in such policy of "underlying insurance" that limit or restrict the insurance coverage provided thereunder shall also limit and restrict the coverage provided under this policy.

***

6.    Any person or organization, if insured under "underlying insurance", provided that coverage provided by this policy for

any such insured will be no broader than coverage provided by "underlying insurance."

42.     The ACE Umbrella Policies contain the following definition of "occurrence":

O.     "Occurrence" means:

1.     With respect to "bodily injury" or "property damage", an accident, including continuous or repeated exposure to substantially the same general harmful conditions.  All such exposure to substantially the same general harmful conditions shall be considered as arising out of the same 'occurrence', regardless of the frequency or repetition thereof, or the number of claimants."

43.     The ACE Umbrella Policies contain the following definition of "bodily injury":

C.     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or mental injury resulting from bodily injury.

44.     The ACE Umbrella Policies contain the following definition of "property damage":

U.     "Property damage" means:

1.     Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use will be deemed to

occur at the time of the physical injury that caused it; or

2.     Loss of use of tangible property that is not physically injured. All such loss of use will be deemed to occur at the time of the "occurrence" that caused it.

For purposes of this insurance, electronic data is not tangible property. As used in this definition, electronic date means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

45.    The ACE Umbrella Policies contain the following definition of "employee":

E.     "Employee" means an individual working for you in return for remuneration. "Employee" includes a "leased work". "Employee" does not include a "temporary work" or independent contractor."

46.    Each of the ACE Umbrella Policies also contains a Follow Form Personal Injury Amendatory Endorsement – Exclusion of Advertising Injury endorsement, which states:

The policy is amended as follows:

1.     The definition of "personal and advertising injury" is deleted.

2.     All references to "personal and advertising injury" in the policy or any other endorsement to the policy are deemed to refer to "personal injury" only, as that term is defined in the following "underlying insurance":

> Zurich Policy Number GLO 4281314 10, effective 10/1/18[1] as amended by endorsement entitled <u>Personal and Advertising Injury Definition Amendment</u>.

3.     With respect to such "personal injury" coverage only, the terms, definitions, limitations and exclusions of the above "underlying insurance", are incorporated herein by reference and apply to this insurance, provided always that this insurance is excess of the "retained limit".

4.     This insurance does not apply to "advertising injury".

5.     Under no circumstances will this insurance provide broader coverage for "personal injury" than that afforded by the above "underlying insurance."

All other terms and conditions of this policy remain unchanged.

47.    With respect to "personal injury" coverage, each of the Zurich Primary Policies states, in part:

**COVERAGE B – PERSONAL AND ADVERTISING INJURY**

---

[1] For each of the ACE Umbrella Policies, the endorsement references the policy number of the Zurich Primary Policy with the last two digits of the policy number and the referenced effective date reflecting the policy issued for ***that*** particular policy period, e.g., "10" and "effective 10/1/18" for the Zurich Primary Policy in effect from October 1, 2018 to October 1, 2019.

**LIABILITY**

    **1.**    **Insuring Agreement**

        **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies . . .

        **b.**    This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

    48.    Each of the Zurich Primary Policies contains an endorsement entitled "Personal and Advertising Injury Definition Amendment," which states:

THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER: COMMERCIAL GENERAL LIABILITY COVERAGE PART

A.    PERSONAL AND ADVERTISING INJURY DEFINITION AMENDMENT THE "PERSONAL AND ADVERTISING INJURY" DEFINITION UNDER DEFINITIONS SECTION IS REPLACED BY THE FOLLOWING:

"PERSONAL AND ADVERTISING INJURY" MEANS INJURY, INCLUDING CONSEQUENTIAL "BODILY INJURY", ARISING OUT OF ONE OR MORE OF THE FOLLOWING OFFENSES:

A.    FALSE ARREST, DETENTION OR IMPRISONMENT;

B.    MALICIOUS PROSECUTION;

C.    THE WRONGFUL EVICTION FROM, WRONGFUL ENTRY INTO, OR INVASION OF THE RIGHT OF PRIVATE

OCCUPANCY OF A ROOM, DWELLING OR PREMISES THAT A PERSON OCCUPIES, COMMITTED BY OR ON BEHALF OF ITS OWNER, LANDLORD OR LESSOR;

D.   ORAL OR WRITTEN PUBLICATION, IN ANY MANNER, OF MATERIAL THAT SLANDERS OR LIBELS A PERSON OR ORGANIZATION OR DISPARAGES A PERSON'S OR ORGANIZATION'S GOODS, PRODUCTS OR SERVICES; OR

E.   ORAL OR WRITTEN PUBLICATION, IN ANY MANNER, OF MATERIAL THAT VIOLATES A PERSON'S RIGHT OF PRIVACY.

***

49.   With respect to "personal injury" coverage, each of the Zurich Primary Policies contains the following exclusions:

**2.   Exclusions**

This insurance does not apply to:

**a.   Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "person and advertising injury".

**b.   Material Published With Knowledge Of Falsity**

"Personal and advertising injury" arising out of oral or written

publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity.

***

**c.  Criminal Acts**

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

***

50.     Pursuant to Follow Form Personal Injury Amendatory Endorsement – Exclusion of Advertising Injury endorsement contained in the ACE Umbrella Policies, the definition of "personal injury" set forth in Zurich Primary Policies, and the exclusions for Knowing Violation Of Rights Of Another, Material Published With Knowledge Of Falsity, and Criminal Acts contained in the Zurich Primary Policies, are incorporated into the ACE Umbrella Policies and apply to the insurance thereunder.

## ACE's Reservation of Rights

51.     On or about August 11, 2021, eBay forwarded a copy of the Steiners' Complaint in the Civil Action to ACE and requested that ACE provide coverage under the ACE Umbrella Policies for the Civil Action.

52.     By letters dated April 8, 2022 directed to eBay, Wenig, and Wymer, ACE agreed to investigate the Civil Action subject to a full reservation of rights, including its right to disclaim coverage to each of them with respect to the Civil Action.  Copies of ACE's April 8, 2022 reservation of rights letters to eBay, Wenig, and Wymer are attached hereto as Exhibit K.

53.     ACE's reservation of rights letters to eBay, Wenig, and Wymer specifically reserved ACE's right to disclaim coverage for the Civil Action under the ACE Umbrella Policies based on, among other things, the absence of an "occurrence," the Expected Or Intended Injury Exclusion, the Knowing Violation

Of Rights Of Another Exclusion, the Material Published With Knowledge Of Falsity Exclusion, and the Criminal Acts Exclusion.

54.    By letters dated April 8, 2022 directed to Zea, Cooke, Stockwell, Gilbert, and Popp, ACE disclaimed coverage to each of them for the Civil Action under the ACE Umbrella Policies.  ACE's disclaimer of coverage was based upon, among other things, the absence of an "occurrence," the Expected Or Intended Injury Exclusion, the Knowing Violation Of Rights Of Another Exclusion, the Material Published With Knowledge Of Falsity Exclusion, and the Criminal Acts Exclusion.  A copy of ACE's April 8, 2022 disclaimer letters to Zea, Cooke, Stockwell, Gilbert, and Popp are attached hereto as Exhibit L.

55.    By letters dated May 3, 2022 and May 19, 2022 directed to Baugh and Harville, respectively, ACE disclaimed coverage to each of them for the Civil Action under the ACE Umbrella Policies.  ACE's disclaimer of coverage was based on the absence of an "occurrence" and at least four unambiguous coverage exclusions, namely, the Expected Or Intended Injury Exclusion, the Knowing Violation Of Rights Of Another Exclusion, the Material Published With Knowledge Of Falsity Exclusion, and the Criminal Acts Exclusion.  True copies of ACE's May 3, 2022 and May 19, 2022 disclaimer letters to Baugh and Harville are attached hereto as Exhibit M.

**The ACE Umbrella Policies Do Not Cover Any Part of the Civil Action**

56.    The liability alleged in the Civil Action does not fall within the ACE Umbrella Policies' insuring agreement because it does not allege "bodily injury," as defined in the ACE Umbrella Policies.

57.    The liability alleged in the Civil Action does not fall within the ACE Umbrella Policies' insuring agreement because it does not allege injury caused by an "occurrence," as defined in the ACE Umbrella Policies.

58.    The liability alleged in the Civil Action falls within the ACE Umbrella Policies' Expected Or Intended Injury Exclusion because it alleges that the injuries

1  suffered by plaintiffs therein were expected and/or intended from the standpoint of

2  each of the Defendants herein.

3      59.    The liability alleged in the Civil Action falls within the Knowing

4  Violation Of Rights Of Another Exclusion because it alleges that the injuries

5  suffered by plaintiffs therein were caused by each of the Defendants herein, or at

6  their direction, with the knowledge that the act would violate the rights of another

7  and would inflict "personal injury."

8      60.    The liability alleged in the Civil Action falls within the Material

9  Published With Knowledge Of Falsity Exclusion because it alleges that the injuries

10  suffered by plaintiffs therein arose out of oral or written publication of material done

11  by each of the Defendants herein, or at their direction, with knowledge of its falsity.

12      61.    In addition, the liability alleged in the Civil Action falls within the

13  Criminal Acts Exclusion because it alleges that the injuries suffered by plaintiffs

14  therein arose out of criminals act committed by each Defendant herein, or at their

15  direction, as specifically alleged in the Civil Action and as established by the

16  Criminally Convicted Defendants' guilty pleas in their respective criminal cases.[2]

17      62.    The eBay PowerPoint Deck further establishes that each of the

18  coverage limitations and exclusions set forth above in paragraphs 57 through 61

19  forecloses coverage under the ACE Umbrella Policies.

20      63.    California Insurance Code Section 533 states:  "An insurer is not liable

21  for a loss caused by the wilful act of the insured; but he is not exonerated by the

22  negligence of the insured, or of the insured's agents or others."  Under California

23  law, California Insurance Code Section 533 is an implied exclusionary clause to be

24  read into all insurance contracts, including the ACE Umbrella Policies, with the

25

26  _____

27  [2] "Criminally Convicted Defendants" refers to the seven Defendants who were
criminally charged and pleaded guilty to the criminal charges against them for their
conduct against the Steiners in the First Criminal Case, the Second Criminal Case,

28  and the Third Criminal Case, as discussed above:  Baugh, Harville, Popp, Stockwell,
Gilbert, Cooke, and Zea.

effect of barring insurers such as ACE from providing indemnity coverage for a loss caused by willful wrongdoing.

64.     The loss alleged by the Steiners in the Civil Action was caused by the willful acts of eBay and its former executives, Wenig and Wymer, and the Criminally Convicted Defendants within the meaning of California Insurance Code Section 533.  Therefore, pursuant to California Insurance Code Section 533, ACE is not liable under the ACE Umbrella Policies for such loss.

65.     Upon information and belief, further discovery into the conduct of eBay and its former or current executives, officers, agents, contractors and employees, including without limitation Wenig and Wymer and each of the Criminally Convicted Defendants, in relation to the Steiners would further establish that there is no coverage afforded under the ACE Umbrella Policies for the claims alleged by the Steiners in the Civil Action, for one or more of the reasons discussed above.

66.     The ACE Umbrella Policies contain other terms, conditions, limitations, and exclusions which may further limit or preclude coverage.  ACE reserves the right to assert such provisions and raise additional coverage defenses as the facts warrant.

67.     ACE respectfully seeks the declaratory relief described below at this juncture because the unique allegations and circumstances of the Civil Action (including the Criminally Convicted Defendants' guilty pleas in separate criminal cases) render the coverage issues alleged herein ripe and amenable to judicial determination, and because any settlement efforts in the Civil Action will benefit from clarification of the ACE Umbrella Policies' coverage as they pertain to the Civil Action.

## COUNT I

### Declaratory Judgment – No Duty to Defend or Indemnify
### (Criminally Convicted Defendants)

68.     ACE incorporates by reference its allegations in the preceding paragraphs as if fully set forth herein.

69.     The Criminally Convicted Defendants have each demanded coverage under one or more of the ACE Umbrella Policies for any settlement they may enter into or judgment that may enter against them in the Civil Action.

70.     ACE believes that no coverage is owed under the ACE Umbrella Policies for the liability asserted against Criminally Convicted Defendants in the Civil Action.

71.     An actual controversy has arisen between ACE, on the one hand, and each of the Criminally Convicted Defendants, on the other hand, as to their respective rights and obligations under the ACE Umbrella Policies, including, specifically, whether the ACE Umbrella Policies' cover the Civil Action or any part of it.  This controversy encompasses – among other things – the following issues:

a.     whether the Criminally Convicted Defendant Zea is an "insured" under the ACE Umbrella Policies;

b.     whether the Civil Action alleges injury caused by an "occurrence," as defined in the ACE Umbrella Policies;

c.     whether the Civil Action alleges "bodily injury," as defined in the ACE Umbrella Policies;

d.     whether the alleged conduct which forms the basis for the liability asserted against the Criminally Convicted Defendants in the Civil Action falls within the ACE Umbrella Policies' Expected or Intended Injury Exclusion;

e.     whether the alleged conduct which forms the basis for the liability asserted against the Criminally Convicted Defendants in the Civil

1   Action falls within the ACE Umbrella Policies' Criminal Acts

2   Exclusion;

3   f.   whether the alleged conduct which forms the basis for the liability

4        asserted against the Criminally Convicted Defendants in the Civil

5        Action falls within the ACE Umbrella Policies' Knowing Violation Of

6        Rights Of Another Exclusion;

7   g.   whether the alleged conduct which forms the basis for the liability

8        asserted against the Criminally Convicted Defendants in the Civil

9        Action falls within the ACE Umbrella Policies' Material Published

10       With Knowledge Of Falsity Exclusion; and

11  h.   whether California Insurance Code Section 533 precludes coverage

12       under the ACE Umbrella Policies for the liability asserted against the

13       Criminally Convicted Defendants in the Civil Action.

14       72.   A binding judicial declaration determining the rights and obligations of

15  ACE and Criminally Convicted Defendants under the ACE Umbrella Policies with

16  respect to the Civil Action is necessary, will resolve the parties' disagreement, and

17  will facilitate any settlement efforts in the Civil Action.

18       73.   Pursuant to 28 U.S.C. §§ 2201 and 2202, ACE respectfully requests

19  that the Court declare the following:

20  a.   the Criminally Convicted Defendant Zea is not and was not an

21       "employee" of eBay, and therefore, she is not an "insured" under the

22       ACE Umbrella Policies;

23  b.   the Civil Action does not allege injury caused by an "occurrence," as

24       defined in the ACE Umbrella Policies;

25  c.   the Civil Action does not allege "bodily injury," as defined in the ACE

26       Umbrella Policies;

27  d.   the alleged conduct which forms the basis for the liability asserted

28       against the Criminally Convicted Defendants in the Civil Action

1    unambiguously falls within the ACE Umbrella Policies' Expected or
2    Intended Injury Exclusion;

3    e.   the alleged conduct which forms the basis for the liability asserted
4         against the Criminally Convicted Defendants in the Civil Action
5         unambiguously falls within the ACE Umbrella Policies' Criminal Acts
6         Exclusion;

7    f.   the alleged conduct which forms the basis for the liability asserted
8         against the Criminally Convicted Defendants in the Civil Action
9         unambiguously falls within the ACE Umbrella Policies' Knowing
10        Violation Of Rights Of Another Exclusion;

11   g.   the alleged conduct which forms the basis for the liability asserted
12        against the Criminally Convicted Defendants in the Civil Action
13        unambiguously falls within the ACE Umbrella Policies' Material
14        Published With Knowledge Of Falsity Exclusion;

15   h.   California Insurance Code Section 533 precludes coverage under the
16        ACE Umbrella Policies for the liability asserted against the Criminally
17        Convicted Defendants in the Civil Action;

18   i.   ACE has no duty to defend any of the Criminal Defendants in the Civil
19        Action under any of the ACE Umbrella Policies.

20   j.   ACE has no duty to indemnify any of the Criminal Defendants in the
21        Civil Action under any of the ACE Umbrella Policies.

22   k.   ACE has no duty to provide any form of insurance benefits to the
23        Criminal Defendants in connection with the Civil Action.

24                              ## <u>COUNT II</u>

25                **Declaratory Judgment—No Duty to Defend or Indemnify**

26                          **(eBay, Wenig, and Wymer)**

27        74.   ACE incorporates by reference its allegations in the preceding
28   paragraphs as if fully set forth herein

75.     eBay, Wenig, and Wymer have each demanded coverage under one or more of the ACE Umbrella Policies for any settlement they may enter into or judgment that may be entered against them in the Civil Action

76.     ACE believes that no coverage is owed under the ACE Umbrella Policies for the liabilities asserted against eBay, Wenig, and Wymer in the Civil Action.

77.     An actual controversy has arisen between ACE, on the one hand, and eBay, Wenig, and Wymer, on the other hand, as to their respective rights and obligations under the ACE Umbrella Policies, including, specifically, whether any payment is required by ACE with respect to the Civil Action.  This controversy encompasses – among other things – the following issues:

    a.    whether the Civil Action alleges injury caused by an "occurrence," as defined in the ACE Umbrella Policies;

    b.    whether the Civil Action alleges "bodily injury," as defined in the ACE Umbrella Policies;

    c.    whether the alleged conduct which forms the basis for the liability asserted against eBay, Wenig and Wymer in the Civil Action falls within the ACE Umbrella Policies' Expected or Intended Injury Exclusion;

    d.    whether the alleged conduct which forms the basis for the liability asserted against eBay, Wenig and Wymer in the Civil Action falls within the ACE Umbrella Policies' Knowing Violation Of Rights Of Another Exclusion;

    e.    whether the alleged conduct which forms the basis for the liability asserted against eBay, Wenig and Wymer in the Civil Action falls within the ACE Umbrella Policies' Material Published With Knowledge Of Falsity Exclusion;

    f.    whether the alleged conduct which forms the basis for the liability

1      asserted against eBay, Wenig and Wymer in the Civil Action falls

2      within the ACE Umbrella Policies' Criminal Acts Exclusion; and

3      g.    whether California Insurance Code Section 533 precludes coverage

4      under the ACE Umbrella Policies for the liability asserted against eBay,

5      Wenig and Wymer in the Civil Action.

6      78.    A binding declaration determining the rights and obligations of ACE

7  and eBay, Wenig, and Wymer under the ACE Umbrella Policies with respect to the

8  Civil Action is necessary, will resolve the parties' disagreement, and will facilitate

9  any settlement efforts in the Civil Action.

10      79.    Pursuant to 28 U.S.C. §§ 2201 and 2202, ACE respectfully requests

11  that the Court declare the following:

12      a.    the Civil Action does not allege injury caused by an "occurrence," as

13      defined under the ACE Umbrella Policies;

14      b.    the Civil Action does not allege "bodily injury," as defined in the ACE

15      Umbrella Policies;

16

17      c.    the alleged conduct which forms the basis for the liability asserted

18      against eBay, Wenig and Wymer in the Civil Action unambiguously

19      falls within the ACE Umbrella Policies' Expected or Intended Injury

20      Exclusion;

21      d.    the alleged conduct which forms the basis for the liability asserted

22      against eBay, Wenig and Wymer in the Civil Action unambiguously

23      falls within the ACE Umbrella Policies' Knowing Violation Of Rights

24      Of Another Exclusion;

25      e.    the alleged conduct which forms the basis for the liability asserted

26      against eBay, Wenig and Wymer in the Civil Action unambiguously

27      falls within the ACE Umbrella Policies' Material Published With

28      Knowledge Of Falsity Exclusion;

f.    the alleged conduct which forms the basis for the liability asserted against eBay, Wenig and Wymer in the Civil Action unambiguously falls within the ACE Umbrella Policies' Criminal Acts Exclusion; and

g.    California Insurance Code Section 533 precludes coverage under the ACE Umbrella Policies for the liability asserted against the eBay, Wenig and Wymer in the Civil Action;

h.    ACE has no duty to defend eBay, Wenig or Wymer any of the Criminal Defendants in the Civil Action under any of the ACE Umbrella Policies.

i.    ACE has no duty to indemnify eBay, Wenig or Wymer in the Civil Action under any of the ACE Umbrella Policies.

j.    ACE has no duty to provide any form of insurance benefits to eBay, Wenig or Wymer in connection with the Civil Action.

## REQUEST FOR RELIEF

WHEREFORE, ACE respectfully requests that the Court:

(1)    grant ACE's requests for declaratory relief and enter the declaratory judgments stated and requested in Count I and Count II of this Complaint above;

(2)    award ACE its interest, costs, and attorneys' fees; and

(3)    grant such other and further relief in favor of ACE as is just and appropriate.

1

## <u>JURY TRIAL DEMAND</u>

2    ACE demands a trial by jury on any issue presented in this matter that is

3 properly so triable.

4                                          Respectfully submitted,

5 DATED:  November 11, 2022        LEWIS BRISBOIS BISGAARD & SMITH LLP
                                    Rebecca R. Weinreich
6                                   Aaron T. Knapp

7

8

9
                                   By:      */s/ Rebecca R. Weinreich*
10                                        Rebecca R. Weinreich
11                                        Attorneys for ACE PROPERTY &
                                          CASUALTY COMPANY
12

13
                                   ─── John J. McGivney (pro hac vice to be filed)
14                                     Kara A. Loridas (pro hac vice to be filed)
                                       RUBIN AND RUDMAN LLP
15                                     53 State Street
                                       Boston, MA  02109
16                                     (617) 330-7000
                                       jmcgivney@rubinrudman.com
17                                     kloridas@rubinrudman.com

18

19

20

21

22

23

24

25

26

27

28

4867-4815-9038.1                          29