# EXHIBIT K



| | | |
|---|---|---|
| | Chubb<br>10 Exchange Place<br>Jersey City, NJ 07302<br>U.S.A. | M  (551)775-8866<br>E mara.schiefelbein@chubb.com |

April 8, 2022

**Certified Mail/Return Receipt Requested and Email**

eBay, Inc.
Attention:  Alan Kubitz
2065 Hamilton Avenue
San Jose, California 95125
akubitz@ebay.com

      Re:      Named Insured:      eBay, Inc.
                  Claim No.:           KY21K268047X
                  Underwriting Co.:    ACE Property and Casualty Insurance Company
                  Policy No.:          G27907349
           *Ina Steiner, et al. v. eBay, Inc., et al.*, United States District Court for the District of
           Massachusetts, Case No. 1:21-cv-11181-DPW (the "Civil Action")

Dear Mr. Kubitz:

      ACE Property and Casualty Insurance Company ("ACE") acknowledges receipt of the Complaint filed in the above-referenced Civil Action.  This correspondence will supplement any prior communications to eBay, Inc. ("eBay") regarding ACE's coverage position in this matter.

      ACE issued a series of Commercial Umbrella Liability Policies to eBay, with annual consecutive policy periods from October 1, 2015 to October 1, 2021 (collectively, the "ACE Umbrella Policies").  The ACE Umbrella Policies in effect from October 1, 2015 to October 1, 2017 and from October 1, 2019 to October 1, 2021 are subject to a limit of insurance of $25 million each occurrence and general aggregate.  The ACE Umbrella Policies in effect from October 1, 2016 to October 1, 2019 are subject to a limit of insurance of $50 million each occurrence and general aggregate.

      Each of the ACE Umbrella Policies applies excess over "underlying insurance," which includes a general liability insurance policy issued by Zurich American Insurance Company bearing policy no. GLO 4281314 for the same policy period as that of the ACE Umbrella Policy (collective, the "Zurich Primary Policies").  Each of the Zurich Primary Policies, starting with the policy period incepting on October 1, 2016 through the policy period ending on October 1, 2020, is subject to a Self-Insured Retention of $250,000 each occurrence and a limit of insurance of $1 million each occurrence, $1 million personal and advertising per person, and $2 million general aggregate.

      All underlying insurance, deductibles, and retentions must be exhausted prior to the ACE Umbrella Policies being impacted.  To date, ACE has not been provided with documentation showing exhaustion of all applicable underlying insurance and retentions.  Therefore, as a



April 8, 2022
Page 2

preliminary matter, the ACE Umbrella Excess Policies have not attached at this time, and ACE does not have any present coverage obligation with respect to this matter.

ACE is investigating, and will continue to investigate, the Civil Action subject to a full and complete reservation of its rights. For the reasons explained below, ACE reserves the right to disclaim coverage to eBay for the Civil Action. This reservation of rights includes, but is not limited to, the right to seek declaratory judgment of ACE's rights and obligations, if any, to eBay under the ACE Umbrella Policies.

I.     **THE CIVIL ACTION**

Husband and wife, David and Ina Steiner, and their company, Steiner Associates, LLC, commenced the Civil Action against, among others, eBay on July 21, 2021. They allege that eBay "engaged in a systemic campaign to emotionally and psychologically torture Ina and David Steiner, the two-person team behind a small ecommerce trade publication, EcommerceBytes."

More specifically, it is alleged that, from June to August 2019, members of eBay's security team – including defendants James Baugh, David Harville, Brian Gilbert, Stephanie Popp, Stephanie Stockwell, Veronica Zea, and Philip Cooke – engaged in stalking, harassment, and threats to pressure the Steiners to stop writing about eBay on EcommerceBtyes. It is further alleged that defendants Devin Wenig and Steve Wymer, the then Chief Executive Officer at eBay and the then Senior Vice President and Chief Communications Officer at eBay, respectively, "directed and granted the other Defendants carte blanche authority to torture the Steiners with whatever means necessary." The Steiners seek relief against eBay and the former eBay employees who allegedly orchestrated and perpetrated the actions against them.

On May 22, 2020, the United States filed an Information against defendants Zea, Gilbert, Popp, and Stockwell in the United States District Court for the District of Massachusetts with respect to their conduct at issue against the Steiners, charging them with conspiracy to commit cyberstalking in violation of 18 U.S.C. § 371 and conspiracy to obstruct justice in violation of 18 U.S.C. § 371. On July 7, 2020, the United States filed an Information against defendant Cooke in the United States District Court for the District of Massachusetts, charging him with conspiracy to commit cyberstalking in violation of 18 U.S.C. § 371 and conspiracy to tamper with a witness in violation of 18 U.S.C. § 371. In October 2020, defendants Zea, Gilbert, Popp, Stockwell and Cooke pled guilty to the crimes charged in the Information.

On November 3, 2020, defendants Harville and Baugh were indicted for conspiracy to commit stalking through interstate travel and through facilities of interstate commerce, stalking through interstate travel, stalking through facilities of interstate commerce, witness tampering, and destruction, alteration, and falsification of records in a federal investigation.

II.    **RESERVATION OF RIGHTS**

The ACE Umbrella Policies generally follow form to the Zurich Primary Policies with respect to "personal injury" coverage. Because of this, ACE will need a copy of any coverage position letter(s) that Zurich may have issued to eBay or any of the other defendants in the Civil


April 8, 2022
Page 3

Action, in order to enable it to take an accurate coverage position. ACE has requested copies of these materials from eBay, and, in response, on March 29, 2022, received the coverage position letter dated December 8, 2021 sent by Zurich with respect to the tender on behalf of eBay and its executives Devin Wenig and Steve Wymer. ACE has not received copies of any other coverage position letters, if any, issued to these defendants or to any other defendant by Zurich. ACE repeats its request for such other coverage letters, if any exist.

In the meantime, ACE will continue to investigate this matter, subject to the following reservation of rights:

- Subject to their other terms, conditions, and exclusions, the ACE Umbrella Policies apply only to "those sums in excess of the 'retained limit' that the 'insured' becomes legally obligated to pay as damages because of 'bodily injury'" or "property damage[,]" provided the "bodily injury" or "property damage" is "caused by an 'occurrence'" and occurs during the policy period, and no insured, prior to the policy period, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. With the exception of physical injury to the Steiners' fence resulting from the alleged scrolling of the word "FIDOMASTER" on it by certain of the defendants, no "property damage," as that term is defined in the ACE Umbrella Policies, is alleged in the Civil Action.

  "Bodily injury" is defined in the policies as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time" and "includes mental anguish or mental injury resulting from bodily injury." The Complaint in the Civil Action does not specify any "bodily injury, sickness or disease" allegedly sustained by the Steiners, and it does not appear to allege any mental anguish or mental injury resulting from physical bodily injury. ACE reserves the right to disclaim coverage for the Civil Action to the extent it does not involve "bodily injury." Further, "occurrence" is defined in the ACE Umbrella Policies as, with respect to "bodily injury" or "property damage," "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." To the extent that the Civil Action does not allege "property damage" or "bodily injury" caused by an "occurrence," i.e., an accident, there is no coverage under the ACE Umbrella Policies.

- Coverage, if any, under the ACE Umbrella Policies is subject to exclusions for (1) k. Expected Or Intended Injury and (2) v. Recording and Distribution of Material or Information in Violation of Law. ACE reserves the right to assert that either of both of these exclusions apply to the damages alleged or awarded, if any, against eBay in the Civil Action.

- With regard to "personal and advertising injury," all references to that term in the ACE Umbrella Policies are deemed to refer to "personal injury" only, as that term is defined in the Zurich Primary Policies. The ACE Umbrella Policies state: "With respect to such 'personal injury' coverage only, the terms, definitions, limitations and exclusions of the above ' underlying insurance', are incorporated herein by reference and apply to this insurance, provided always that this insurance is excess of the 'retained limit'. . . Under
Exhibit K Page 823



no circumstances will this insurance provide broader coverage for 'personal injury' than that afforded by the above 'underlying insurance.'"

Subject to their other terms, conditions, and exclusions, the Zurich Primary Policies provide that Zurich "will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies," provided, however, that that the offence was committed during the policy period. ACE reserves the right to limit its coverage obligation, if any, to that ACE Umbrella Policy in effect when the offenses at issue in the Civil Action were committed.

"Personal and advertising injury" is defined in the Zurich Primary Policies as follows:

> "Personal and advertising injury" means injury, including consequential 'bodily injury' arising out of one or more of the following offenses:
> A. False arrest, detention or imprisonment;
> B. Malicious prosecution;
> C. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
> D. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or
> E. Oral or written publication, in any manner, of material that violates a person's right of privacy.

No conduct falling with parts B or C of the above definition of "personal and advertising injury" is alleged in the Civil Action. Further, ACE reserves the right to disclaim coverage for the Civil Action to the extent that it does not otherwise involve "personal and advertising injury," as that term is defined in the Zurich Primary Policies.

- Coverage, if any, for "personal and advertising injury" under the Zurich Primary Policies is subject to exclusions for: a. Knowing Violation Of Rights Of Another; b. Material Published With Knowledge Of Falsity; c. Material Published Prior To The Policy Period; d. Criminal Acts; k. Electronic Chatrooms Or Bulletin Boards; l. Unauthorized Use Of Another's Name Or Product; p. Recording And Distribution Of Material Or Information In Violation Of Law; and q. Publication Of Material In Your Advertisement. ACE reserves the right to assert that one or more of these exclusions applies to the damages alleged or awarded, if any, against eBay in the Civil Action.

- California Insurance Code Section 533 states: "An insurer is not liable for a loss caused by the wilful act of the insured; but he is not exonerated by the negligence of the insured, or of the insured's agents or others." ACE reserves the right to disclaim coverage for any damages in the Civil Action for which coverage is barred by this statute.

- The Civil Action seeks an award of punitive damages against eBay. Under California law, punitive damages are not insurable as a matter of public policy, and ACE will not

indemnify eBay for any award of punitive damages. The request in the Civil Action for injunctive relief or any other forms of equitable relief do not constitute damages to which the ACE Umbrella Policies apply.

- ACE reserves it rights to limit its coverage obligation, if any, under the ACE Umbrella Policies pursuant to the policies' "Other Insurance" condition.

- The ACE Umbrella Policies requires the insured to cooperate with ACE. They further state: "No 'insured' will, except at that 'insured's' own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our written consent." There is, or may be, no coverage to the extent that eBay or any other defendant that may qualify as an insured under the ACE Umbrella Policies does not, or did not, comply with or satisfy any of these conditions or any other conditions precedent and/or conditions subsequent to coverage under the ACE Umbrella Policies.

So that ACE may continue its investigation of this matter, it requests that you provide it with the following documents and information:

1. Copies of any coverage position letter(s), other than the December 8, 2021 letter already provided, issued by Zurich to you or any other defendant in the Civil Action with regard to the Civil Action; and

2. Copies of any other insurance policy(ies) other than the Zurich Primary Policies and the ACE Umbrella Policies that apply or may apply to the Civil Action, including without limitation any directors and officers liability insurance, and copies of any coverage position letter(s) issued by said carriers to you or any other defendant in the Civil Action.

There may be additional provisions in the ACE Umbrella Policies or the Zurich Primary Policies that apply to this matter. This letter addresses only those provisions that appear pertinent at this time in light of the facts currently known and available to us.

Our position on coverage is based upon the facts as we know them. We are prepared to reevaluate our position should there be any material changes in the factual circumstances. If you have any additional information that you believe may have bearing upon our analysis, please advise us immediately and forward such information.

If eBay asserts a right to coverage under any policy, other than the ACE Umbrella Policies, issued by ACE or any other member underwriting company of Chubb, please advise us immediately and submit notice pursuant to the notice provisions contained in that policy.

The analysis of coverage outlined herein is not meant to be exhaustive. ACE does not waive, and specifically reserves, any rights under the ACE Umbrella Policies and/or applicable law. The foregoing is not intended, and should not be construed, as a waiver, modification, or alteration of any of the terms, conditions, or exclusions of the ACE Umbrella Policies.



April 8, 2022
Page 6

Should you have any questions concerning this matter, please do not hesitate to contact me.

Very truly yours,

*Mara Schiefelbein*

Mara Schiefelbein
Senior Coverage Claims Director, Coverage
& Complex Claims

cc:   Gregory A. Phipps, Marsh Risk & Insurance Services (via email only: Gregory.Phipps@marsh.com)



|  |  |
|---|---|
| Chubb | M (551)775-8866 |
| 10 Exchange Place | E mara.schiefelbein@chubb.com |
| Jersey City, NJ 07302 |  |
| U.S.A. |  |

April 8, 2022

**Certified Mail/Return Receipt Requested and Email**

Devin Wenig
c/o Abbe David Lowell, Esq. and Andrew Tauber, Esq.
Winston & Strawn LLP
1901 L Street, NW
Washington, DC 20036
adlowell@winston.com
atauber@winston.com

>     Re:   Named Insured:       eBay, Inc.
>           Claim No.:            KY21K268047X
>           Underwriting Co.:     ACE Property and Casualty Insurance Company
>           Policy No.:           G27907349
>     *Ina Steiner, et al. v. eBay, Inc., et al*., United States District Court for the District of
>     Massachusetts, Case No. 1:21-cv-11181-DPW (the "Civil Action")

Dear Mr. Wenig:

     ACE Property and Casualty Insurance Company ("ACE") acknowledges receipt of the Complaint filed in the above-referenced Civil Action. This correspondence will supplement any prior communications to you regarding ACE's coverage position in this matter.

     ACE issued a series of Commercial Umbrella Liability Policies to eBay, Inc. ("eBay") with annual consecutive policy periods from October 1, 2015 to October 1, 2021 (collectively, the "ACE Umbrella Policies"). The ACE Umbrella Policies in effect from October 1, 2015 to October 1, 2017 and from October 1, 2019 to October 1, 2021 are subject to a limit of insurance of $25 million each occurrence and general aggregate. The ACE Umbrella Policies in effect from October 1, 2016 to October 1, 2019 are subject to a limit of insurance of $50 million each occurrence and general aggregate.

     Each of the ACE Umbrella Policies applies excess over "underlying insurance," which includes a general liability insurance policy issued by Zurich American Insurance Company bearing policy no. GLO 4281314 for the same policy period as that of the ACE Umbrella Policy (collective, the "Zurich Primary Policies"). Each of the Zurich Primary Policies, starting with the policy period incepting on October 1, 2016 through the policy period ending on October 1, 2020, is subject to a Self-Insured Retention of $250,000 each occurrence and a limit of insurance of $1 million each occurrence, $1 million personal and advertising per person, and $2 million general aggregate.

     All underlying insurance, deductibles, and retentions must be exhausted prior to the ACE Umbrella Policies being impacted. To date, ACE has not been provided with documentation



showing exhaustion of all applicable underlying insurance and retentions. Therefore, as a preliminary matter, the ACE Umbrella Excess Policies have not attached at this time, and ACE does not have any present coverage obligation with respect to this matter.

ACE is investigating, and will continue to investigate, the Civil Action subject to a full and complete reservation of its rights. For the reasons explained below, ACE reserves the right to disclaim coverage to you for the Civil Action. This reservation of rights includes, but is not limited to, the right to seek declaratory judgment of ACE's rights and obligations, if any, to you under the ACE Umbrella Policies.

I.      **THE CIVIL ACTION**

Husband and wife, David and Ina Steiner, and their company, Steiner Associates, LLC, commenced the Civil Action against, among others, eBay and you on July 21, 2021. They allege that eBay "engaged in a systemic campaign to emotionally and psychologically torture Ina and David Steiner, the two-person team behind a small ecommerce trade publication, EcommerceBytes."

More specifically, it is alleged that, from June to August 2019, members of eBay's security team – including defendants James Baugh, David Harville, Brian Gilbert, Stephanie Popp, Stephanie Stockwell, Veronica Zea, and Philip Cooke – engaged in stalking, harassment, and threats to pressure the Steiners to stop writing about eBay on their trade publication, EcommerceBtyes. It is further alleged that you, in your capacity as the then Chief Executive Officer at eBay, along with defendant Steve Wymer, the then Senior Vice President and Chief Communications Officer at eBay, "directed and granted the other Defendants carte blanche authority to torture the Steiners with whatever means necessary." The Steiners seek relief against eBay, you, and the former eBay employees who allegedly orchestrated and perpetrated the actions against them.

On May 22, 2020, the United States filed an Information against defendants Zea, Gilbert, Popp, and Stockwell in the United States District Court for the District of Massachusetts with respect to their conduct at issue against the Steiners, charging them with conspiracy to commit cyberstalking in violation of 18 U.S.C. § 371 and conspiracy to obstruct justice in violation of 18 U.S.C. § 371. On July 7, 2020, the United States filed an Information against defendant Cooke in the United States District Court for the District of Massachusetts, charging him with conspiracy to commit cyberstalking in violation of 18 U.S.C. § 371 and conspiracy to tamper with a witness in violation of 18 U.S.C. § 371. In October 2020, defendants Zea, Gilbert, Popp, Stockwell and Cooke pled guilty to the crimes charged in the Information.

On November 3, 2020, defendants Harville and Baugh were indicted for conspiracy to commit stalking through interstate travel and through facilities of interstate commerce, stalking through interstate travel, stalking through facilities of interstate commerce, witness tampering, and destruction, alteration, and falsification of records in a federal investigation.



April 8, 2022
Page 3

## II.     RESERVATION OF RIGHTS

The ACE Umbrella Policies generally follow form to the Zurich Primary Policies with respect to "personal injury" coverage.  Because of this, ACE will need a copy of any coverage position letter(s) that Zurich may have issued to eBay or any of the other defendants in the Civil Action, including you, in order to enable it to take an accurate coverage position.  ACE has requested copies of these materials from eBay, and, in response, on March 29, 2022, received the coverage position letter dated December 8, 2021 sent by Zurich with respect to the tender on behalf of eBay, you, and its other executive Steve Wymer.  ACE has not received copies of any other coverage position letters, if any, issued to you or these other defendants or to any other defendant by Zurich.  ACE repeats its request for such other coverage letters, if any exist.

In the meantime, ACE will continue to investigate this matter, subject to the following reservation of rights:

- The "Who Is An Insured" section of the ACE Umbrella Policies states:  "If you are designated in the Declarations as: . . . d.  An organization other than a partnership, joint venture, or limited liability company, you are an 'insured.'  Your 'executive officers' and directors are 'insureds', but only with respect to their duties as your officers or directors . . ."  "Executive officers" is defined in the policies as "a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing agreement."  Paragraph B. of the "Who Is An Insured" section, as amended by endorsement, states:

    > "Employees" and co-"employees" while in the course of their employment or performing duties related to the conduct of your business are "insureds" for "bodily injury" or "personal and advertising injury", but only if insurance for such "bodily injury" or "personal and advertising injury" is provided by a policy listed in the Schedule of "underlying insurance."  The insurance provided by this policy will not be broader than the insurance coverage provided by such policy of "underlying insurance".  Any conditions or exclusions in such policy of "underlying insurance" that limit or restrict the insurance coverage provided thereunder shall also limit and restrict the coverage provided under this policy.

    To the extent you were an "executive officer," as that term is defined in the policies, or a director of eBay at the time of the conduct at issue in the Civil Action, ACE reserves the right to disclaim coverage to you to the extent that the conduct at issue in the Civil Action was not with respect to your duties as an officer or a director of eBay.  To the extent you were an "employee" of eBay, but not an "executive officer" or a director of eBay, and the conduct at issue in the Civil Action was not in course of your employment or the performance of duties related to the conduct of eBay's business, ACE reserves the right to disclaim coverage to you for the Civil Action.

- Subject to their other terms, conditions, and exclusions, the ACE Umbrella Policies apply only to "those sums in excess of the 'retained limit' that the 'insured' becomes legally obligated to pay as damages because of 'bodily injury'" or "property damage[,]"



April 8, 2022
Page 4

provided the "bodily injury" or "property damage" is "caused by an 'occurrence'" and occurs during the policy period, and no insured, prior to the policy period, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. With the exception of physical injury to the Steiners' fence resulting from the alleged scrolling of the word "FIDOMASTER" on it by certain of the defendants, no "property damage," as that term is defined in the ACE Umbrella Policies, is alleged in the Civil Action. "Bodily injury" is defined in the policies as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time" and "includes mental anguish or mental injury resulting from bodily injury." The Complaint in the Civil Action does not specify any "bodily injury, sickness or disease" allegedly sustained by the Steiners, and it does not appear to allege any mental anguish or mental injury resulting from physical bodily injury. ACE reserves the right to disclaim coverage for the Civil Action to the extent it does not involve "bodily injury."

Further, "occurrence" is defined in the ACE Umbrella Policies as, with respect to "bodily injury" or "property damage," "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." To the extent that the Civil Action does not allege "bodily injury" caused by an "occurrence," i.e., an accident, there is no coverage under the ACE Umbrella Policies.

- Coverage, if any, under the ACE Umbrella Policies is subject to exclusions for (1) k. Expected Or Intended Injury and (2) v. Recording and Distribution of Material or Information in Violation of Law. ACE reserves the right to assert that either of both of these exclusions apply to the damages alleged or awarded, if any, against you in Civil Action.

- With regard to "personal and advertising injury," all references to that term in the ACE Umbrella Policies are deemed to refer to "personal injury" only, as that term is defined in the Zurich Primary Policies. The ACE Umbrella Policies state: "With respect to such 'personal injury' coverage only, the terms, definitions, limitations and exclusions of the above ' underlying insurance', are incorporated herein by reference and apply to this insurance, provided always that this insurance is excess of the 'retained limit'. . . Under no circumstances will this insurance provide broader coverage for 'personal injury' than that afforded by the above 'underlying insurance.'"

Subject to their other terms, conditions, and exclusions, the Zurich Primary Policies provide that Zurich "will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies," provided, however, that that the offence was committed during the policy period. ACE reserves the right to limit its coverage obligation, if any, to only that ACE Umbrella Policy in effect when the offenses at issue in the Civil Action were committed.

"Personal and advertising injury" is defined in the Zurich Primary Policies as follows:

> "Personal and advertising injury" means injury, including consequential 'bodily injury' arising out of one or more of the following offenses:



April 8, 2022
Page 5

  A. False arrest, detention or imprisonment;
  B. Malicious prosecution;
  C. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
  D. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or
  E. Oral or written publication, in any manner, of material that violates a person's right of privacy.

No conduct falling with parts B or C of the above definition of "personal and advertising injury" is alleged in the Civil Action. Further, ACE reserves the right to disclaim coverage for the Civil Action to the extent that it does not otherwise involve "personal and advertising injury," as that term is defined in the Zurich Primary Policies.

- Coverage, if any, for "personal and advertising injury" under the Zurich Primary Policies is subject to exclusions for: a. Knowing Violation Of Rights Of Another; b. Material Published With Knowledge Of Falsity; c. Material Published Prior To The Policy Period; d. Criminal Acts; k. Electronic Chatrooms Or Bulletin Boards; l. Unauthorized Use Of Another's Name Or Product; p. Recording And Distribution Of Material Or Information In Violation Of Law; and q. Publication Of Material In Your Advertisement. ACE reserves the right to assert that one or more of these exclusions apply to the damages alleged or awarded, if any, against you in Civil Action.

- California Insurance Code Section 533 states: "An insurer is not liable for a loss caused by the wilful act of the insured; but he is not exonerated by the negligence of the insured, or of the insured's agents or others." ACE reserves the right to disclaim coverage for any damages in the Civil Action for which coverage is barred by this statute.

- The Civil Action seeks an award of punitive damages against eBay. Under California law, punitive damages are not insurable as a matter of public policy, and ACE will not indemnify you for any award of punitive damages.

- ACE reserves it rights to limit its coverage obligation, if any, under the ACE Umbrella Policies pursuant to the policies' "Other Insurance" condition.

- The ACE Umbrella Policies requires the insured to cooperate with ACE. They further state: "No 'insured' will, except at that 'insured's' own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our written consent." There is, or may be, no coverage to the extent that eBay or any other defendant that may qualify as an insured under the ACE Umbrella Policies does not, or did not, comply with or satisfy any of these conditions or any other conditions precedent and/or conditions subsequent to coverage under the ACE Umbrella Policies.

Exhibit K Page 831



April 8, 2022
Page 6

So that ACE may continue its investigation of this matter, it requests that you provide it with the following documents and information:

1. Copies of any coverage position letter(s), other than the December 8, 2021 letter already provided, issued by Zurich to you or any other defendant in the Civil Action with regard to the Civil Action; and
2. Copies of any other insurance policy(ies), other than the Zurich Primary Policies and the ACE Umbrella Policies, that apply or may apply to the Civil Action, including without limitation any directors and officers liability insurance, and copies of any coverage position letter(s) issued by said carriers to you or any other defendant in the Civil Action.

There may be additional provisions in the ACE Umbrella Policies or the Zurich Primary Policies that apply to this matter. This letter addresses only those provisions that appear pertinent at this time in light of the facts currently known and available to us.

Our position on coverage is based upon the facts as we know them. We are prepared to reevaluate our position should there be any material changes in the factual circumstances. If you have any additional information that you believe may have bearing upon our analysis, please advise us immediately and forward such information.

If you assert a right to coverage under any policy, other than the ACE Umbrella Policies, issued by ACE or any other member underwriting company of Chubb, please advise us immediately and submit notice pursuant to the notice provisions contained in that policy.

The analysis of coverage outlined herein is not meant to be exhaustive. ACE does not waive, and specifically reserves, any rights under the ACE Umbrella Policies and/or applicable law. The foregoing is not intended, and should not be construed, as a waiver, modification, or alteration of any of the terms, conditions, or exclusions of the ACE Umbrella Policies.

Should you have any questions concerning this matter, please do not hesitate to contact me.

Very truly yours,

*Mara Schiefelbein*

Mara Schiefelbein
Senior Coverage Claims Director, Coverage & Complex Claims

cc: Alan Kubitz, eBay, Inc. (via email only: akubitz@ebay.com)
Gregory A. Phipps, Marsh Risk & Insurance Services (via email only: Gregory.Phipps@marsh.com)



Chubb  
10 Exchange Place  
Jersey City, NJ 07302  
U.S.A.

M  (551)775-8866  
E  mara.schiefelbein@chubb.com

April 8, 2022

**Certified Mail/Return Receipt Requested and Email**

Steve Wymer  
c/o Caz Hashemi, Esq.  
Wilson Sonsini Goodrich & Rosati, P.C.  
650 Page Mill Road  
Palo Alto, CA 93404  
chashemi@wsgr.com

      Re:    Named Insured:    eBay, Inc.  
             Claim No.:          KY21K268047X  
             Underwriting Co.:  ACE Property and Casualty Insurance Company  
             Policy No.:         G27907349

      *Ina Steiner, et al. v. eBay, Inc., et al.*, United States District Court for the District of Massachusetts, Case No. 1:21-cv-11181-DPW (the "Civil Action")

Dear Mr. Wymer:

      ACE Property and Casualty Insurance Company ("ACE") acknowledges receipt of the Complaint filed in the above-referenced Civil Action.  This correspondence will supplement any prior communications to you regarding ACE's coverage position in this matter.

      ACE issued a series of Commercial Umbrella Liability Policies to eBay, Inc. ("eBay") with annual consecutive policy periods from October 1, 2015 to October 1, 2021 (collectively, the "ACE Umbrella Policies").  The ACE Umbrella Policies in effect from October 1, 2015 to October 1, 2017 and from October 1, 2019 to October 1, 2021 are subject to a limit of insurance of $25 million each occurrence and general aggregate.  The ACE Umbrella Policies in effect from October 1, 2016 to October 1, 2019 are subject to a limit of insurance of $50 million each occurrence and general aggregate.

      Each of the ACE Umbrella Policies applies excess over "underlying insurance," which includes a general liability insurance policy issued by Zurich American Insurance Company bearing policy no. GLO 4281314 for the same policy period as that of the ACE Umbrella Policy (collective, the "Zurich Primary Policies").  Each of the Zurich Primary Policies, starting with the policy period incepting on October 1, 2016 through the policy period ending on October 1, 2020, is subject to a Self-Insured Retention of $250,000 each occurrence and a limit of insurance of $1 million each occurrence, $1 million personal and advertising per person, and $2 million general aggregate.



All underlying insurance, deductibles, and retentions must be exhausted prior to the ACE Umbrella Policies being impacted. To date, ACE has not been provided with documentation showing exhaustion of all applicable underlying insurance and retentions. Therefore, as a preliminary matter, the ACE Umbrella Excess Policies have not attached at this time, and ACE does not have any present coverage obligation with respect to this matter.

ACE is investigating, and will continue to investigate, the Civil Action subject to a full and complete reservation of its rights. For the reasons explained below, ACE reserves the right to disclaim coverage to you for the Civil Action. This reservation of rights includes, but is not limited to, the right to seek declaratory judgment of ACE's rights and obligations, if any, to you under the ACE Umbrella Policies.

I.    **THE CIVIL ACTION**

Husband and wife, David and Ina Steiner, and their company, Steiner Associates, LLC, commenced the Civil Action against, among others, eBay on July 21, 2021. They allege that eBay "engaged in a systemic campaign to emotionally and psychologically torture Ina and David Steiner, the two-person team behind a small ecommerce trade publication, EcommerceBytes."

More specifically, it is alleged that, from June to August 2019, members of eBay's security team – including defendants James Baugh, David Harville, Brian Gilbert, Stephanie Popp, Stephanie Stockwell, Veronica Zea, and Philip Cooke – engaged in stalking, harassment, and threats to pressure the Steiners to stop writing about eBay on their trade publication, EcommerceBtyes. It is further alleged that you, in your capacity as the then Senior Vice President and Chief Communications Officer at eBay, along with defendant Devin Wenig, the then Chief Executive Officer at eBay, "directed and granted the other Defendants carte blanche authority to torture the Steiners with whatever means necessary." The Steiners seek relief against eBay, you, and the former eBay employees who allegedly orchestrated and perpetrated the actions against them.

On May 22, 2020, the United States filed an Information against defendants Zea, Gilbert, Popp, and Stockwell in the United States District Court for the District of Massachusetts with respect to their conduct at issue against the Steiners, charging them with conspiracy to commit cyberstalking in violation of 18 U.S.C. § 371 and conspiracy to obstruct justice in violation of 18 U.S.C. § 371. On July 7, 2020, the United States filed an Information against defendant Cooke in the United States District Court for the District of Massachusetts, charging him with conspiracy to commit cyberstalking in violation of 18 U.S.C. § 371 and conspiracy to tamper with a witness in violation of 18 U.S.C. § 371. In October 2020, defendants Zea, Gilbert, Popp, Stockwell and Cooke pled guilty to the crimes charged in the Information.

On November 3, 2020, defendants Harville and Baugh were indicted for conspiracy to commit stalking through interstate travel and through facilities of interstate commerce, stalking through interstate travel, stalking through facilities of interstate commerce, witness tampering, and destruction, alteration, and falsification of records in a federal investigation.

II.    **RESERVATION OF RIGHTS**



April 8, 2022
Page 3

The ACE Umbrella Policies generally follow form to the Zurich Primary Policies with respect to "personal injury" coverage. Because of this, ACE will need a copy of any coverage position letter(s) that Zurich may have issued to eBay or any of the other defendants in the Civil Action, including you, in order to enable it to take an accurate coverage position. ACE has requested copies of these materials from eBay, and, in response, on March 29, 2022, received the coverage position letter dated December 8, 2021 sent by Zurich with respect to the tender on behalf of eBay, you, and its other executive Devin Wenig. ACE has not received copies of any other coverage position letters, if any, issued to you or these other defendants or to any other defendant by Zurich. ACE repeats its request for such other coverage letters, if any exist.

In the meantime, ACE will continue to investigate this matter, subject to the following reservation of rights:

- The "Who Is An Insured" section of the ACE Umbrella Policies states: "If you are designated in the Declarations as: . . . d. An organization other than a partnership, joint venture, or limited liability company, you are an 'insured.' Your 'executive officers' and directors are 'insureds', but only with respect to their duties as your officers or directors . . ." "Executive officers" is defined in the policies as "a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing agreement." Paragraph B. of the "Who Is An Insured" section, as amended by endorsement, states:

    > "Employees" and co-"employees" while in the course of their employment or performing duties related to the conduct of your business are "insureds" for "bodily injury" or "personal and advertising injury", but only if insurance for such "bodily injury" or "personal and advertising injury" is provided by a policy listed in the Schedule of "underlying insurance." The insurance provided by this policy will not be broader than the insurance coverage provided by such policy of "underlying insurance". Any conditions or exclusions in such policy of "underlying insurance" that limit or restrict the insurance coverage provided thereunder shall also limit and restrict the coverage provided under this policy.

    To the extent you were an "executive officer," as that term is defined in the policies, or a director of eBay at the time of the conduct at issue in the Civil Action, ACE reserves the right to disclaim coverage to you to the extent that the conduct at issue in the Civil Action was not with respect to your duties as an officer or adirector of eBay. To the extent you were an "employee" of eBay, but not an "executive officer" or a director of eBay, and the conduct at issue in the Civil Action was not in course of your employment or the performance of duties related to the conduct of eBay's business, ACE reserves the right to disclaim coverage to you for the Civil Action.

- Subject to their other terms, conditions, and exclusions, the ACE Umbrella Policies apply only to "those sums in excess of the 'retained limit' that the 'insured' becomes legally obligated to pay as damages because of 'bodily injury'" or "property damage[,]" provided the "bodily injury" or "property damage" is "caused by an 'occurrence'" and



April 8, 2022
Page 4

occurs during the policy period, and no insured, prior to the policy period, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. With the exception of physical injury to the Steiners' fence resulting from the alleged scrolling of the word "FIDOMASTER" on it by certain of the defendants, no "property damage," as that term is defined in the ACE Umbrella Policies, is alleged in the Civil Action. "Bodily injury" is defined in the policies as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time" and "includes mental anguish or mental injury resulting from bodily injury." The Complaint in the Civil Action does not specify any "bodily injury, sickness or disease" allegedly sustained by the Steiners, and it does not appear to allege any mental anguish or mental injury resulting from physical bodily injury. ACE reserves the right to disclaim coverage for the Civil Action to the extent it does not involve "bodily injury."

Further, "occurrence" is defined in the ACE Umbrella Policies as, with respect to "bodily injury" or "property damage" "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." To the extent that the Civil Action does not allege "bodily injury" caused by an "occurrence," i.e., an accident, there is no coverage under the ACE Umbrella Policies.

- Coverage, if any, under the ACE Umbrella Policies is subject to exclusions for (1) k. Expected Or Intended Injury and (2) v. Recording and Distribution of Material or Information in Violation of Law. ACE reserves the right to assert that either of both of these exclusions apply to the damages alleged or awarded, if any, against you in the Civil Action.

- With regard to "personal and advertising injury," all references to that term in the ACE Umbrella Policies are deemed to refer to "personal injury" only, as that term is defined in the Zurich Primary Policies. The ACE Umbrella Policies state: "With respect to such 'personal injury' coverage only, the terms, definitions, limitations and exclusions of the above ' underlying insurance', are incorporated herein by reference and apply to this insurance, provided always that this insurance is excess of the 'retained limit'. . . Under no circumstances will this insurance provide broader coverage for 'personal injury' than that afforded by the above 'underlying insurance.'"

Subject to their other terms, conditions, and exclusions, the Zurich Primary Policies provide that Zurich "will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies," provided, however, that that the offence was committed during the policy period. ACE reserves the right to limit its coverage obligation, if any, to only that ACE Umbrella Policy in effect when the offenses at issue in the Civil Action were committed.

"Personal and advertising injury" is defined in the Zurich Primary Policies as follows:

> "Personal and advertising injury" means injury, including consequential 'bodily injury' arising out of one or more of the following offenses:
> A.    False arrest, detention or imprisonment;



April 8, 2022
Page 5

- B. Malicious prosecution;
- C. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
- D. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or
- E. Oral or written publication, in any manner, of material that violates a person's right of privacy.

No conduct falling with parts B or C of the above definition of "personal and advertising injury" is alleged in the Civil Action. Further, ACE reserves the right to disclaim coverage for the Civil Action to the extent that it does not otherwise involve "personal and advertising injury," as that term is defined in the Zurich Primary Policies.

- Coverage, if any, for "personal and advertising injury" under the Zurich Primary Policies is subject to exclusions for: a. Knowing Violation Of Rights Of Another; b. Material Published With Knowledge Of Falsity; c. Material Published Prior To The Policy Period; d. Criminal Acts; k. Electronic Chatrooms Or Bulletin Boards; l. Unauthorized Use Of Another's Name Or Product; p. Recording And Distribution Of Material Or Information In Violation Of Law; and q. Publication Of Material In Your Advertisement. ACE reserves the right to assert that one or more of these exclusions applies to preclude coverage for the damages alleged or awarded, if any, against you in the Civil Action.

- California Insurance Code Section 533 states: "An insurer is not liable for a loss caused by the wilful act of the insured; but he is not exonerated by the negligence of the insured, or of the insured's agents or others." ACE reserves the right to disclaim coverage for any damages in the Civil Action for which coverage is barred by this statute.

- The Civil Action seeks an award of punitive damages against eBay. Under California law, punitive damages are not insurable as a matter of public policy, and ACE will not indemnify you for any award of punitive damages.

- ACE reserves it rights to limit its coverage obligation, if any, under the ACE Umbrella Policies pursuant to the policies' "Other Insurance" condition.

- The ACE Umbrella Policies requires the insured to cooperate with ACE. They further state: "No 'insured' will, except at that 'insured's' own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our written consent." There is, or may be, no coverage to the extent that eBay or any other defendant that may qualify as an insured under the ACE Umbrella Policies does not, or did not, comply with or satisfy any of these conditions or any other conditions precedent and/or conditions subsequent to coverage under the ACE Umbrella Policies.

So that ACE may continue its investigation of this matter, it requests that you provide it with the following documents and information:



April 8, 2022
Page 6

1. Copies of any coverage position letter(s), other than the December 8, 2021 letter already provided, issued by Zurich to you or any other defendant in the Civil Action with regard to the Civil Action; and
2. Copies of any other insurance policy(ies) other than the Zurich Primary Policies and the ACE Umbrella Policies that apply or may apply to the Civil Action, including without limitation any directors and officers liability insurance, and copies of any coverage position letter(s) issued by said carriers to you or any other defendant in the Civil Action.

There may be additional provisions in the ACE Umbrella Policies or the Zurich Primary Policies that apply to this matter.  This letter addresses only those provisions that appear pertinent at this time in light of the facts currently known and available to us.

Our position on coverage is based upon the facts as we know them.  We are prepared to reevaluate our position should there be any material changes in the factual circumstances. If you have any additional information that you believe may have bearing upon our analysis, please advise us immediately and forward such information.

If you assert a right to coverage under any policy, other than the ACE Umbrella Policies, issued by ACE or any other member underwriting company of Chubb, please advise us immediately and submit notice pursuant to the notice provisions contained in that policy.

The analysis of coverage outlined herein is not meant to be exhaustive.  ACE does not waive, and specifically reserves, any rights under the ACE Umbrella Policies and/or applicable law.  The foregoing is not intended, and should not be construed, as a waiver, modification, or alteration of any of the terms, conditions, or exclusions of the ACE Umbrella Policies.

Should you have any questions concerning this matter, please do not hesitate to contact me.

Very truly yours,

*Mara Schiefelbein*

Mara Schiefelbein
Senior Coverage Claims Director, Coverage & Complex Claims

cc: Alan Kubitz, eBay, Inc. (via email only:  akubitz@ebay.com)
Gregory A. Phipps, Marsh Risk & Insurance Services (via email only: Gregory.Phipps@marsh.com)